[Cite as *Sokolovic v. Hamilton*, 195 Ohio App.3d 406, 2011-Ohio-4638.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96189**

## SOKOLOVIC,

APPELLANT,

v.

## HAMILTON ET AL.,

APPELLEES.

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Bedford Municipal Court
Case No. 07 CVF 05205

**BEFORE:** E. Gallagher, J., Blackmon, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 15, 2011

**ATTORNEYS**:

J. Jeffrey Holland, for appellant.

Smith, Rolfes & Skavdahl Co., L.P.A., and John Fiocca, for appellees.

Per Curiam.

{¶ 1} Laura Sokolovic appeals from the decision of the trial court granting Terrance Hamilton's motion in limine. Sokolovic argues that the trial court erred when it granted Dr. Hamilton's motion in limine because it denied her the opportunity to seek damages at trial on any theory other than the fair market value of her dog, Athena. Although we overrule Sokolovic's assigned error, the procedural history surrounding this case demands that we reverse and remand for proceedings consistent with this opinion.

{¶ 2} In 2006, Sokolovic, a resident of Pittsburgh, Pennsylvania, was the owner of a spayed, eight-year-old female Rottweiler named Athena. At that time, Dr. Hamilton was one of seven board-certified veterinary oncology specialists in Ohio. In February 2006, Dr. Hamilton received a referral from Sokolovic's family veterinarian, who was treating Athena in Pittsburgh and who believed that Athena suffered from bone cancer in her right foreleg. On February 10, 2006, Dr. Hamilton met Sokolovic and Athena at his veterinary facility in Bedford, Ohio. Dr. Hamilton confirmed the diagnosis of cancer and recommended a biopsy to determine whether the cancer was treatable.

{¶ 3} After performing the biopsy, Dr. Hamilton discharged Athena and reunited her with Sokolovic. Prior to leaving the building, Athena fell in the lobby. Dr. Hamilton examined Athena and advised Sokolovic that although she was healthy enough to travel, Athena could stay for observation. Sokolovic elected to take Athena home

with her to Pittsburgh. Upon returning home, Sokolovic contacted Dr. Hamilton and informed him that Athena's right foreleg was beginning to swell. Dr. Hamilton advised Sokolovic to immediately take Athena to an emergency veterinary care facility for evaluation.

{¶ 4} Sokolovic's local veterinarian performed a number of emergency procedures over the course of the next few days, including amputation of Athena's right foreleg. On February 14, 2006, the results of Athena's biopsy revealed that Athena's bone cancer was not treatable. Upon hearing the results, Sokolovic instructed her veterinarian to humanely euthanize Athena.

{¶ 5} On September 2, 2007, Sokolovic filed a complaint for professional veterinary negligence against Dr. Hamilton and Veterinary Specialists Hospital Operations Inc., seeking money damages in connection with the loss of Athena. In addition to a demand for punitive damages, the complaint set forth the following claims: professional negligence/negligent misrepresentation, breach of contract, and fraud/intentional misrepresentation. The case was assigned to the docket of Judge Brian J. Melling. Sokolovic voluntarily dismissed co-defendant Veterinary Specialists Hospital Operations Inc. prior to the trial date of December 16, 2008.

{¶ 6} On June 26, 2008, Dr. Hamilton filed a motion for partial summary judgment, seeking to dismiss Sokolovic's charges of fraud/intentional misrepresentation and punitive damages, upon which the court has never ruled.

{¶ 7} On December 11, 2008, Dr. Hamilton filed a motion in limine, seeking to

exclude the admission of evidence of damages at trial, which would be unrelated to Athena's fair market value as of the time of the examination and biopsy on February 10, 2006.   On December 16, 2008, the trial court granted Dr. Hamilton's motion in limine.

{¶ 8}   Inexplicably, it was not until November 19, 2010, when the trial court issued a nunc pro tunc journal entry of judgment, finalizing the court's decision of almost two years prior.   The trial court conducted no activity in this case between December 16, 2008, and November 19, 2010.   In its nunc pro tunc entry, Judge Melling stated the following:   "Having fully determined Plaintiff's claims for negligence and breach of contract, this shall be deemed a final, appealable order."

{¶ 9}   While Judge Melling's inclusion of Civ.R. 54(B) certification requires this court to review this appeal, the certification is erroneous.   By granting the motion, the trial court was under the mistaken impression that that ruling was dispositive of the case.  This is not so.

{¶ 10} There were claims set forth in the complaint alleging fraud and misrepresentation, as well as seeking punitive damages, that remain pending.   The trial court addressed, in its order, only the claims of negligence and breach of contract. Therefore, the finding that the entry of November 19, 2010, was dispositive of the entire case is erroneous.   It appears from the transcript of the December 16, 2008 hearing that Judge Melling is seeking an advisory opinion from this court.   This we do not do.   The trial court's December 16, 2008 ruling was merely on a pretrial motion in limine, and trial should have proceeded on Sokolovic's remaining claims on that date, consistent

with his ruling. Therefore, while we review Sokolovic's assigned error, no matter the outcome, this case will return to the trial court for trial on her remaining claims of fraud, misrepresentation, and punitive damages. Because this case has been pending on the docket of the Bedford Municipal Court since 2007, we caution the trial court to handle this matter in a more expeditious manner.

{¶ 11} Sokolovic's sole assignment of error alleges the following:

> The trial court erred by denying plaintiff the opportunity to seek damages at trial on any theory other than fair market value.

{¶ 12} Sokolovic sought to produce evidence at trial that there was no value in the services provided by Dr. Hamilton and that his actions resulted in additional veterinary and other expenses incurred by Sokolovic, which would not have been necessary but for Dr. Hamilton's negligence. Sokolovic sought recovery of fees paid to both Dr. Hamilton and her local veterinarian in Pittsburgh.

{¶ 13} A motion in limine is essentially a request to limit or exclude evidence or testimony at trial. *State v. Winston* (1991), 71 Ohio App.3d 154, 158; *Thakur v. Health Care & Retirement Corp. of Am.*, Lucas App. No. L-08-1377, 2009-Ohio-2765. Therefore, the standard of review on appeal of the grant of a motion in limine is whether the trial court abused its discretion. See *State v. Graham* (1979), 58 Ohio St.2d 350, 390 N.E.2d 805; *State v. May*, 11th Dist. No. 2005-A-0011, 2006-Ohio-3406; *Thakur*. "Abuse of discretion" means more than an error of law or of judgment and implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Accordingly, absent such

evidence, this court must affirm the decision of the trial court.

{¶ 14} In her brief, Sokolovic seeks this court to distinguish between inanimate property and animate property such as dogs, cats, and other animals who may serve as companions. She admittedly seeks a deviation from the current state of law in Ohio, which classifies animals as personal property and does not recognize noneconomic damages for personal property. While such a change in the law may one day occur, this is not the proper forum for such a change. See *Oberschlake v. Veterinary Assoc. Animal Hosp.*, 151 Ohio App.3d 741, 2003-Ohio-917, 785 N.E.2d 811. Moreover, even if the situation were otherwise, we would have difficulty deviating from the Ohio legislature's explicit dictation on how dogs are to be classified. Specifically, R.C. 955.03 provides:

> Any dog which has been registered under sections 955.01 and 955.04 of the Revised Code and any dog not required to be registered under such sections shall be considered as personal property and have all the rights and privileges and be subject to like restraints as other livestock.

{¶ 15} As further stated in *Oberschlake*, typically, damages for loss of personal property are limited to the difference between the property's fair market value before and immediately after the loss. Id.; see also *Akro-Plastics v. Drake Industries* (1996) 115 Ohio App.3d 221, 685 N.E.2d 246. Because of this standard, Ohio courts have admitted that damages will seldom be awarded for the loss of a family pet, because pets have little or no market value. *Oberschlake*; *Ramey v. Collins* (June 5, 2000), Scioto App. No. 2002-CA-2665, 2000 WL 776932.

{¶ 16} In further analyzing the law in Ohio relating to this issue, the *Oberschlake* court distinguished its holding from the case of *McDonald v. Ohio State Univ.*

*Veterinary Hosp.* (1994), 67 Ohio Misc.2d 40, 644 N.E.2d 750. In *McDonald*, the Court of Claims did award $5,000 in damages for a German Shepherd pedigreed dog who was paralyzed as the result of the admitted malpractice of the state veterinary hospital. The court recognized that market value is the normal standard, but believed that the standard of value to the owner could be used "in exceptional circumstances." Id. The court then applied that standard based on the dog's unique pedigree and the time invested in specialized, rigorous training, which established that a similar dog was not available on the open market. Notably, the court also stressed that sentimentality is not a proper element in determining damages caused to animals. The amount ultimately awarded included damages for the loss of the animal, plus potential earnings from stud fees. Id.; *Oberschlake,* 151 Ohio App.3d 741, 2003-Ohio-917, 785 N.E.2d 811.

{¶ 17} There is nothing in the present case to suggest that Athena is unique or that the circumstances of this case are exceptional in any way. While Athena was clearly loved by Sokolovic, there is no evidence that Athena had a unique pedigree or was used for breeding. In fact, since Athena had been spayed, breeding would not have been an issue. Consequently, we find nothing to distinguish this case from any other situation in which a family pet is injured by an allegedly negligent action of a veterinarian. Accordingly, we find that the trial court properly limited the damages in this case to the fair market value of Athena before and immediately after the allegedly negligent act.

{¶ 18} In attempting to convince this court that the law should change, Sokolovic cites the human-animal bond and various authorities from other states. Nonetheless,

whether or not one agrees with the view that pets are more than personal property, it is clear that Ohio does not recognize noneconomic damages for injury to companion animals. *Oberschlake;* R.C. 955.03.

{¶ 19} Based on the foregoing, the trial court did not abuse its discretion in granting Dr. Hamilton's motion in limine. Sokolovic's sole assignment of error is overruled.

{¶ 20} The judgment is reversed, and the cause is remanded for proceedings on Sokolovic's remaining claims against Dr. Hamilton.

Judgment reversed

and cause remanded.

BLACKMAN, P.J., and ROCCO and GALLAGHER, JJ., concur.