[Cite as *Mlakar v. Mlakar*, 2013-Ohio-100.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98194**

---

## JONI M. MLAKAR

PLAINTIFF-APPELLANT

vs.

## ROBERT B. MLAKAR

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-293579

**BEFORE:** Stewart, A.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** January 17, 2013

**ATTORNEY FOR APPELLANT**

Gregory J. Moore
Stafford & Stafford Co.
55 Erieview Plaza, 5th Floor
Cleveland, OH    44114


**ATTORNEY FOR APPELLEE**

Suzanne M. Jambe
Baker & Hostetler, L.L.P.
3200 PNC Center
1900 East 9th Street
Cleveland, OH    44114

MELODY J. STEWART, A.J.:

{¶1} Appellant Joni Mlakar, n.k.a. Joni Harter, appeals from a domestic relations division order that granted appellee Robert Mlakar's motion to terminate his spousal support obligation. Joni argues that the motion should have been dismissed as res judicata because it was premised on the same grounds as those rejected by the court just one year before in a different motion to modify spousal support. She also argues that the court erred by failing to award her the full amount of attorney fees she expended in seeking to collect support arrears from Robert. Finally, she argues that the court's decision to terminate spousal support was against the manifest weight of the evidence.

I

{¶2} The parties were divorced in January 2006 pursuant to an agreement that required Robert to pay spousal support to Joni in the amount of $3,750 per month. The parties agreed that the court would have limited jurisdiction to modify spousal support during the first 48 months following the divorce, and only then if Robert's income increased beyond $150,000 per year. At the point where 48 months had elapsed since the divorce, the parties agreed that the court had jurisdiction to modify both the amount and duration of spousal support, regardless of Robert's income.

{¶3} At the time of the divorce, Robert was unemployed. He operated a consulting business and had three months left on a contract that paid him $6,000 per

month. Apart from that consulting contract, he had no other income. He later found employment in Chicago with two different employers, but that employment ceased in December 2008.

{¶4} In January 2009, Robert pro se asked the court to "suspend" his spousal support obligation. As grounds for the motion, he cited his unemployment and inability to find work. A magistrate denied this motion in December 2009, finding that the terms of the divorce decree prohibited the court from modifying spousal support until January 2010, unless it was shown that Robert earned more than $150,000 per year. As relevant to this appeal, the magistrate ordered that Robert pay Joni attorney fees of $7,000 that she expended in defending the motion to modify spousal support. The court approved and adopted the magistrate's decision.

{¶5} In 2010, the parties filed the motions at issue in this appeal. In May 2010, Joni filed two separate motions asking the court to have Robert show cause as to why he should not be held in contempt for refusing to pay certain aspects of spousal support and failing to pay the $7,000 in attorney fees ordered in the magistrate's December 2009 decision. In August 2010, Robert filed a new motion seeking either a termination or modification of his spousal support obligation. The motion rested on the same ground raised in the January 2009 motion — Robert's continuing unemployment and inability to find work.

{¶6} The motions were tried to a magistrate who concluded that Robert was voluntarily unemployed. The magistrate found that Robert had remarried, was wholly

supported by his new wife, and living an extravagant lifestyle. To the extent that Robert tried to find employment, the magistrate found his efforts less than convincing, noting for example that Robert's attempts to find consulting work were conditioned on his working ten-hour weeks at between $3,000 and $5,000 per month. The magistrate found these compensation demands were unrealistic, and further found that Robert failed to offer any evidence that his job proposals had actually been rejected. As a result, the magistrate found that "[s]ince Obligor's unemployment is found to be voluntary, there is no change in circumstances and therefore there should be no modification of the award through July, 2011."

{¶7} The magistrate went on to find, however, that Robert had begun collecting social security benefits as of July 2011. She stated:

> The magistrate further finds that Obligor is entitled to retire once he reaches retirement age, and that therefore, it is appropriate and reasonable for there to be a termination date. His retirement income is less than Plaintiff's income. The magistrate takes judicial notice that, Plaintiff started receiving temporary support on July 1st, 2003. The magistrate further finds that a total duration of spousal support of eight years and one month would be appropriate for a twenty-two year marriage.

{¶8} As for Joni's motion to hold Robert in contempt for failing to pay spousal support arrears, the magistrate found that Robert currently owed Joni $143,462.02. The magistrate also found that Robert did not make a good faith attempt to comply with the spousal support order, particularly given his lack of credibility in stating that he could not find employment. The magistrate ordered Robert to transfer to Joni the sum of

$143,462.02 from a retirement account he held. The magistrate also ordered Robert to pay $20,000 of Joni's attorney fees.

{¶9} Both parties filed objections to the magistrate's decision. The court overruled those objections and adopted the magistrate's decision in its entirety.

## II

{¶10} Joni's first assignment of error raises a number of complaints about the magistrate's decision.[1] Primarily, Joni argues that the court erred by failing to give res judicata effect to its order denying Robert's 2009 motion to suspend spousal support. She maintains that the 2009 motion and the 2010 motion that is the subject of this appeal raised identical grounds — that Robert was unemployed, unable to find work, and thus incapable of making the support payments. With there being no substantive difference between the 2009 and 2010 motions, Joni argues that the court should have found that a rejection of the 2009 motion necessarily required rejection of the 2010 motion.

## A

{¶11} Principles of res judicata state that "material facts or questions which were in issue in a former suit, and were there judicially determined by a court of competent jurisdiction, are conclusively settled by a judgment therein so far as concerns the parties to that action and persons in privity with them." *Goodson v. McDonough Power Equip.,*

---

[1] Joni's third assignment of error complains that the magistrate's findings were against the manifest weight of the evidence, but she does not separately argue this assignment of error apart from asking us to incorporate her argument from the first assignment of error. This violates the App.R. 16(A)(7) requirement that the appellant present an "argument with respect to each assignment of error presented for review[,]" so we disregard it.

*Inc.*, 2 Ohio St.3d 193, 195, 443 N.E.2d 978 (1983). The obvious intent behind giving preclusive effects to prior judgments is to promote judicial economy and avoid endless relitigation of issues that have been finally decided. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶12} Principles of res judicata have been applied to bar claims in motions to modify support obligations that were previously made between the same parties and finally decided by the court. *See In re Kelley*, 2d Dist. No. 2000-CA-14, 2000 Ohio App. LEXIS 5833 (Dec. 15, 2000); *Petralia v. Petralia*, 11th Dist. No. 2002-L-047, 2003-Ohio-3867.

B

{¶13} The court's rejection of Robert's 2009 motion to "suspend" child support was not res judicata. When denying that motion, the court made it clear that it lacked jurisdiction to modify spousal support because 48 months had yet to elapse from the entry of the divorce decree to the time that Robert filed his motion. The court did not consider the substantive basis for Robert's motion, so no aspect of the motion could be considered to have been fully litigated or determined with the kind of finality that would require us to give preclusive effect to the order denying it. *See Laketran Bd. of Trustees v. Mentor*, 11th Dist. No. 2001-L-027, 2002-Ohio-3496, ¶ 25.

{¶14} Perhaps anticipating this result, Joni argues that the court should not have denied the 2009 motion to suspend spousal support on jurisdictional grounds, but because that motion failed to comply with Loc.R. 19(A) of the Domestic Relations Division of the

Cuyahoga County Common Pleas Court.  That rule states that "[a]ny motion requesting a modification (increase or decrease) of an existing * * * spousal support order shall set forth * * * the reasons for requesting modification."  We have held that a failure to set forth with specificity the grounds for the motion to modify is a basis for the court to exercise its discretion to strike the motion.  *See, e.g.*, *Abernethy v. Abernethy*, 8th Dist. No. 81675, 2003-Ohio-1528, ¶ 7-11.

{¶15} While it is true that Robert's 2009 motion to suspend spousal support was not a model of specificity, it is equally true that the court did not consider the substance of the motion before denying it.  It relied entirely on the jurisdictional limits placed on it by the parties' divorce decree, finding that it could not order any modification of support as requested by Robert because the requisite time from the date of the decree had not elapsed.  Jurisdiction trumps discretion.  Having no authority to modify spousal support as requested by Robert, the court had no reason to consider the substance of a motion that it plainly could not grant.  And given Joni's arguments about the application of principles of res judicata, we note that Joni did not appeal from this aspect of the court's decision denying the 2009 motion to suspend spousal support, so that decision became binding on all parties.  She cannot now relitigate that issue once it became final.  What is sauce for the goose is sauce for the gander.

C

{¶16} Joni next argues that the court erred by terminating Robert's spousal support obligation because there had been no change in circumstances to justify termination.  She

maintains that Robert had been unemployed at the time of the divorce, so his unemployment at the time he filed the motion could not be considered a change in circumstances.

**{¶17}** The magistrate's decision, as adopted by the court, makes it clear that the termination of Robert's support obligation did not result because of his unemployment. Indeed, the magistrate denied Robert's motion to modify spousal support going back to 2008 because she found that he was voluntarily unemployed given his half-hearted and unrealistic attempts to find a job. It was for that reason the magistrate concluded that "there is no change in circumstances and therefore there should be no modification of the award through July, 2011." In other words, Robert's spousal support obligation continued in full force despite his arguments that he could not afford to pay because of his unemployment, a fact confirmed by the magistrate's order that he pay her a lump sum of $143,462.02 to cover all of his support arrears.

**{¶18}** The magistrate terminated Robert's spousal support obligation because of his retirement. As Joni notes, the divorce decree was silent on a termination date for spousal support. The decree provided for an indefinite term. But indefinite does not mean perpetual, *E. Ohio Gas Co. v. Akron*, 81 Ohio St. 33, 52, 90 N.E. 40 (1909), and the parties expressly gave the court jurisdiction to modify the duration of spousal support after 48 months had elapsed from the date the court issued the divorce decree. The decision to terminate spousal support was a question of duration. The court had the

authority to terminate spousal support even though the divorce decree did not contain a termination date.

**{¶19}** At the time the court terminated the support obligation, Robert had reached the age of 64 and had started to collect social security benefits of $1,984 per month. His only remaining asset was a retirement account of about $272,000, from which the court ordered Robert to pay Joni the amount of $143,462.02 to satisfy all of his support arrears. Joni, on the other hand, earned $31,760 in income, had approximately $200,000 in her retirement account (in addition to the $143,462.02 that she was to receive for support arrears), and was 55 years of age.

**{¶20}** A motion to terminate spousal support falls within the purview of R.C. 3105.18(E). *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, ¶ 7. That section states that the court may modify the amount or terms of spousal support if the circumstances of either party have changed and the divorce decree specifically authorizes the court to modify the amount or terms of alimony or spousal support. R.C. 3105.18(F) defines a change in circumstances as "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." The change in circumstances required by R.C. 3105.18(E) must be one that had not been contemplated and taken into account by the parties or the court at the time of the prior order. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, paragraph two of the syllabus. The moving party has the burden to demonstrate a change in circumstances; whether such a change has occurred is necessarily a factual inquiry that

will not be reversed absent an abuse of discretion. *Matrka v. Matrka*, 100 Ohio App.3d 161, 166-167, 652 N.E.2d 250 (3d Dist.1995).

**{¶21}** Joni argues that Robert was making nothing before his retirement, so his receipt of social security benefits is actually an increase in income for him, not a reduction, and therefore his circumstances do not present a change that would warrant modification of support and that Robert's circumstances have actually improved. This argument ignores the magistrate's finding that Robert's half-hearted attempts to find employment did not excuse him from paying spousal support. The magistrate rejected Robert's motion to modify spousal support up to the point of his retirement, ordering that Robert's spousal support obligation remain unmodified up to July 2011. This finding recognized that Robert could not use his voluntary unemployment as a circumstance for a reduction of his spousal support obligation. He remained fully obligated to pay spousal support despite being unemployed. This leaves the question of whether the court abused its discretion by placing a termination date on Robert's spousal support obligation that coincided with his receipt of social security benefits.

**{¶22}** While it is true that Robert was unemployed at the time of the divorce, nothing in the record indicates that the parties contemplated that he would remain unemployed. To the contrary, the divorce decree provided that Robert's spousal support obligation would increase in yearly increments in the four years following the divorce. The rational conclusion from this provision is that the parties understood that Robert would find employment. This is particularly so given the provision of the divorce decree

that allowed Joni to seek modification of spousal support within 48 months in the event Robert's income exceeded $150,000. That provision would have been pointless if the parties understood that Robert would not be working after the divorce. To be sure, it is possible that the clause granting the court jurisdiction to modify spousal support during the 48 months following entry of divorce was merely a contingency clause, but unless the parties were aware (but failed to specify) that Robert had an unnamed source of income from which to satisfy his spousal support obligation, it stands to reason that they understood that Robert would be obtaining employment from which he would generate income to make his spousal support payments.

{¶23} We thus find that the court could properly view Robert's retirement as being different in kind from his voluntary unemployment. While a voluntary retirement does not necessarily preclude a finding that an obligor spouse is voluntarily unemployed, *Drummer v. Drummer*, 3d Dist. No. 12-11-10, 2012-Ohio-3064, ¶ 31, a voluntary retirement "does not bar consideration of [a party's] decrease in income when determining if there was a substantial change of circumstances." *Robinson v. Robinson*, 12th Dist. Nos. CA93-02-027, CA93-03-047, 1994 Ohio App. LEXIS 1436, *2-3 (Apr. 4, 1994). *See also Reveal v. Reveal*, 154 Ohio App.3d 758, 2003-Ohio-5335, 798 N.E.2d 1132, ¶ 18 (2d Dist.) ("a reduction in income due to voluntary retirement is literally a change of circumstances.") So even though the court found that Robert was voluntarily unemployed up to the point where he began collecting social security benefits and thus obligated to pay all spousal support arrears up to that point, his reaching retirement age

could be, in the court's discretion, a change in circumstances sufficient to justify a termination of spousal support.

{¶24} Robert was 64 years of age when he began receiving social security benefits — a typical age for retirement. The court was obviously reluctant to include the continued earning capacity of an obligor spouse who retires at a customary age in calculating a modified spousal support award. This is a rational decision, unless the failure to do so would cause substantial financial hardship to the obligee spouse. The evidence presented at trial did not indicate that the termination of spousal support would result in a substantial hardship to Joni. The divorce decree divided the parties' retirement assets more favorably to Joni, who received 60 percent of an account valued at approximately $630,000. Joni also received approximately $281,000 from three escrow accounts, while Robert received $75,000 as his share of those accounts. Finally, while the evidence showed that Robert had not timely paid spousal support as required by the divorce decree, Joni was to receive a lump-sum payment of $143,462.02 for those spousal support arrears, ensuring that Joni would receive all that she was due.

{¶25} Nothing we say here should be construed to suggest that a spousal support obligation may not extend beyond a normal retirement age. However, a spousal support award that requires an obligor spouse who wants to retire to continue to work or to seek employment beyond the customary retirement age for an indefinite period of time, imposes a burden on the obligor spouse that must be carefully weighed in reaching a fair balance. The court should also consider that, absent exceptional circumstances, spousal

support awards should not be indefinite, but should terminate upon a date certain. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83 (1990), at paragraph one of the syllabus.

{¶26} The magistrate found that Robert's retirement income was actually lower than Joni's present income and that Joni had been receiving spousal support for eight years. Joni argues that the magistrate abused her discretion by finding that she had been receiving spousal support for eight years given the evidence that Robert was not actually paying spousal support as required. But as we have noted, the court rectified that failure by ordering Robert to pay a lump-sum figure of $143,462.02 to make up those spousal support arrears, so Joni has received all that was due to her.

{¶27} The magistrate concluded that "a total duration of spousal support of eight years and one month would be appropriate for a twenty-two year marriage." Given the substantial assets awarded to Joni at the time of the divorce, including 60 percent of the parties' retirement funds, we cannot say that the court abused its discretion by adopting the magistrate's decision and terminating Robert's spousal support obligation.

D

{¶28} Joni next argues that the magistrate abused her discretion by failing to grant a motion in limine and exclude Robert from introducing evidence that he failed to disclose in discovery, despite there being a pretrial request for production of documents. She claims that Robert's failure to produce these documents forced her to go into trial blindly.

**{¶29}** We review the court's ruling on a motion in limine for an abuse of discretion. *Sokolovic v. Hamilton*, 195 Ohio App.3d 406, 2011-Ohio-4638, 960 N.E.2d 510, ¶ 13 (8th Dist.). An abuse of discretion suggests unreasonableness, arbitrariness, or unconscionability in the trial court's decision. *Valentine v. Conrad*, 110 Ohio St.3d 42, 2006-Ohio-3561, 850 N.E.2d 683, ¶ 9.

**{¶30}** We cannot conclude that the magistrate abused her discretion by allowing Robert to present the evidence at trial. Joni has repeatedly argued that the claims made and evidence presented in support of Robert's January 2010 motion to modify spousal support was based on the "same facts" used in support of his 2009 motions to modify or terminate spousal support. *See* Appellant's Brief at 8, 11, 14, 15, and 21. If Robert's evidence in the 2010 trial relied on the same facts and evidence presented in 2009, it is unclear how Joni could have been surprised by any of it. She essentially concedes this point by noting that Robert admitted at trial that the affidavits he submitted in support of both motions were "the same." If none of the evidence offered in the 2010 trial differed in any respect from that offered in the 2009 trial, Joni can show no actual prejudice and the magistrate did not abuse her discretion by admitting the evidence.

E

**{¶31}** Joni claimed attorney fees and litigation expenses in the amount of $36,805.29. The magistrate ordered Robert to pay $20,000 to Joni for her attorney fees as part of the contempt order finding him in violation of his spousal support obligation. Joni argues that her requested fees should have been granted in their entirety because she

prevailed on her motion to hold Robert in contempt, while Robert's motions "were substantially denied, and should have been completely denied[.]" Appellant's Brief at 24.

**{¶32}** R.C. 3105.73(B) allows the court to award "reasonable" attorney fees to either party in any post-decree motion that arises out of the dissolution of a marriage if the court finds that attorney fees are "equitable." When deciding whether to award attorney fees, the court may consider "the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." Because an award of attorney fees invokes the court's equitable powers, our review is limited solely to determining whether the court abused its discretion. *Swanson v. Swanson*, 48 Ohio App.2d 85, 90, 355 N.E.2d 894 (8th Dist.1976).

**{¶33}** While Joni did prevail on her motion to have Robert held in contempt for failing to pay spousal support and successfully defended Robert's attempt to modify past spousal support obligations, Robert did prevail on his motion to terminate future spousal support. It is difficult for us to conclude that Robert's motion was "substantially" denied. If success is viewed by the amount recovered, Joni was arguably more successful than Robert because she had the larger monetary recovery. The court's order requiring Robert to pay approximately two-thirds of Joni's requested attorney fees reflected that outcome to the extent it was possible to do so. We therefore find that the court's order requiring Robert to pay roughly two-thirds of Joni's claimed attorney fees was not an abuse of discretion.

F

**{¶34}** Both parties agree that the magistrate's decision, as adopted by the court, contains a typographical error. The magistrate found that Robert did not make a good faith effort to comply with his spousal support obligations yet stated in her report: "Defendant could *not* have paid some amount, however small, to the Plaintiff, against his spousal support obligation." (Emphasis added.) Given the context of the magistrate's decision, the use of the word "not" was a clear typographical error, but an error that had no effect on the court's decision to terminate spousal support. The error does not affect Joni's substantial rights and is harmless. *See* Civ.R. 61.

III

**{¶35}** A component of Joni's motion to have Robert show cause why he should not be held in contempt was that he failed to pay $7,000 in attorney fees as ordered in the magistrate's December 2009 decision and adopted by the court. The magistrate's decision summarily granted the motion to hold Robert in contempt for failing to pay those attorney fees, but made no specific disposition of the claim. We therefore sustain this part of the assignment of error and remand to the trial court to make the appropriate disposition of the motion.

**{¶36}** This cause is affirmed in part, reversed in part, and remanded to the domestic relations division for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Domestic Relations Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR