**[Cite as *Perrin v. Perrin*, 2021-Ohio-2581.]**

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

EVERETT T. PERRIN, III,          :

    Plaintiff-Appellee,          :

                                      No. 109376

    v.                                        :

HEATHER R. PERRIN,          :

    Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 29, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-359951

---

### *Appearances:*

Baker & Hostetler, L.L.P., and Suzanne M. Jambe; and Douglas M. Brill, *for appellee.*

Kronenberg + Belovich Law, L.L.C., Barbara A. Belovich, and Jacob A.H. Kronenberg, *for appellant.*

John J. Ready & Associates and John J. Ready, *Guardian ad Litem.*

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant Heather R. Perrin, n.k.a. Vescio ("Heather" or "Mother") appeals from the denial of her motion to modify the parenting order concerning her minor child with plaintiff-appellee Everett T. Perrin, III ("Everett" or "Father"). Heather also appeals from the trial court's related decisions to grant three motions filed by Everett: a motion in limine to exclude certain evidence at trial, a motion for attorney fees, and a motion for litigation fees and expenses. After a thorough review of the record and law, we affirm the decision of the trial court.

**Factual and Procedural History**

{¶2} Heather and Everett were married in December 2010. Both Heather and Everett had been married to different people prior to their marriage; Heather had two children from her previous marriage. Heather and Everett had one child together, a son born on October 12, 2011. On December 9, 2015, Everett filed a complaint for divorce. On January 8, 2016, Heather filed an answer and counterclaim. Ultimately, on May 25, 2016, the trial court entered a divorce decree. In connection with the divorce decree, the parties executed a separation agreement and a shared parenting plan. The separation agreement provided that Heather would maintain her ownership of the marital residence located in Bay Village, Ohio.

{¶3} The shared parenting plan designated Heather as the residential parent, stating in paragraph three:

> The Mother shall be residential parent of the minor child for school purposes so long as the Mother resides in the Bay Village school district. If Mother for any reason elects to move her primary residence

from the Bay Village school district, Father, so long as he remains within the Bay Village school district, shall be designated residential parent for school district designation purposes, unless otherwise ordered by the Court. The minor child shall attend Bay Village schools unless otherwise agreed by the Parties or as ordered by this Court.

Paragraph seven of the shared parenting plan further specified that "[t]he residential parent shall file a notice of intent to relocate if they intend to move to a residence other than the one specified in this order." Further, the plan prohibited either parent from removing the child from the state of Ohio without the express written consent of the other parent, or pursuant to a court order. When the parties entered into the shared parenting plan, both lived in Bay Village, and the plan provided for each parent to enjoy equal time with the child on a rotating basis.

{¶ 4} On May 17, 2017, Heather initiated a post-decree custody proceeding when she filed a motion to show cause, a motion for attorney fees, and a motion to terminate the shared parenting plan. Heather requested an order from the court that Everett show cause as to why he should not be held in contempt "by reason of his apparent contumacious conduct as evidenced by his failure to comply with the terms of the parties' Shared Parenting Plan."

{¶ 5} On June 21, 2017, Heather filed an amended motion to terminate the shared parenting plan, or in the alternative, to modify the shared parenting plan. Coincidentally, the same day, Heather submitted a notice of intent to relocate in accordance with R.C. 3109.051(G). Heather also submitted an affidavit with the amended motion to terminate. In the affidavit, Heather stated that she became engaged to be married on May 24, 2017, and that her fiancé lived in Florida. Heather

stated that it was her intention to move to Florida, and that her older children from her previous marriage would also be moving with her. Heather also stated that she was scheduled to receive a promotion from her current job with the Federal Bureau of Investigation, and this promotion would involve filling a position in Orlando, Florida.

{¶ 6} On June 26, 2017, the court appointed a Guardian ad Litem ("GAL") for the minor child. On September 15, 2017, the court entered a judgment entry stating that the parties agreed to the joint appointment of Dr. Mark Lovinger ("Dr. Lovinger") as a custody evaluator. Dr. Lovinger was to conduct a full custody evaluation of the minor child, with full cooperation from Everett and Heather.

{¶ 7} On December 21, 2017, Heather filed a second notice of intent to relocate. On April 2, 2018, the magistrate ordered the parties to report to the court's mediation services scheduler to have the case screened for mediation. A mediation outcome report was filed on June 11, 2018, noting that the parties attempted to mediate but were unable to reach an agreement.

{¶ 8} On July 11, 2018, the GAL submitted his report and recommendation to the court. The GAL described extensive interviews with numerous individuals involved in the case, including Everett, Heather, their minor child, Heather's older children, Heather's first husband, Heather's current husband, other relatives, the child's teachers, Everett's coworker, and Everett's psychologist. Summarizing his interactions with Heather, the GAL noted:

Overall, there was a disturbing pattern of unsubstantiated allegations going back to a time before the marriage which were initially presented to the Guardian as reasons why Father should not be in [the child's] life to the extent that he currently is, therefore justifying, if not mandating a move away, to the state of Florida. Proof of those allegations, many of which have been discussed in this report, and some of which have not been discussed in detail, was never provided, for various reasons. In the absence of proof of those rather serious charges, there is concern that those charges are untrue or exaggerated, and being made to justify a relocation which is otherwise unjustified.

Ultimately, the GAL recommended that the court deny Heather's motion to terminate the shared parenting plan and deny Heather's attempts to relocate out of state with her child. The GAL further recommended that if Heather relocates outside of Ohio, the court should award her long-distance parenting time. We note that although this recommendation was phrased in conditional terms, the GAL report reflected that Heather married her current husband and moved to Florida in December 2017. Finally, the GAL recommended that the court appoint a parenting coordinator to assist Heather and Everett going forward.

{¶ 9} On July 17, 2018, Heather voluntarily dismissed her June 2017 motions without prejudice. On July 20, 2018, Heather filed a motion to modify the current parenting plan. Specifically, the motion requested modification of the current parenting plan, termination of the shared parenting plan, and designation of Heather as sole residential parent and legal custodian of the minor child.

{¶ 10} On September 26, 2018, Everett filed a motion in limine to exclude certain evidence. The motion in limine argued that because this was a post-decree proceeding, pursuant to R.C. 3105.04(E)(1)(a), any evidence that arose or occurred

prior to the journalization of the existing parenting order on May 25, 2016, is immaterial and should be excluded. On October 3, 2018, Everett filed a motion for attorney fees and an award of costs and expenses of litigation. On October 4, 2018, Heather filed a brief in opposition to Everett's motion in limine.

{¶ 11} At a pretrial hearing, the magistrate orally indicated that Everett's motion in limine would be granted. Trial began on October 29, 2018. The court held additional hearings on nine dates through February 22, 2019.

{¶ 12} At trial, Heather called Dr. Lovinger, Detective Kathleen Leasure from the Bay Village Police Department, her current husband, and Megan Langham ("Langham"), her former coworker. Heather, Everett, and the GAL also testified. Numerous exhibits were admitted into evidence without objection, and the court admitted six of Heather's exhibits into evidence over Everett's objections.

{¶ 13} The court heard testimony that Heather and her current husband met in 2013, began a romantic relationship shortly before her divorce from Everett was finalized, and were currently living together in Florida with Heather's older children. Heather's current husband also had children from a previous marriage; the children were also living in Florida and Heather's husband and his ex-wife had roughly equal parenting time.

{¶ 14} The court also heard testimony that Heather's former job at the Federal Bureau of Investigation has caused her significant stress. Related to this stress, Heather had been diagnosed with post-traumatic stress disorder. This, along with her desire to blend her family with her current husband's family, prompted

Heather to look for a new job in Florida. She found a new job with Disney and was living and working in Florida at the time of the trial, having relocated in December 2017 while the underlying case was pending.

{¶ 15} The court also heard testimony regarding multiple incidents in which Heather suspected Everett of stalking her, threatening her, and breaking into her home. Heather testified about these incidents at length, and other witnesses testified as to their knowledge of these events, which was generally secondhand knowledge through Heather.

{¶ 16} Dr. Lovinger was the court-appointed custody evaluator. He testified as to the two reports he prepared for the case. In preparing his reports and forming his recommendations, Dr. Lovinger met with Heather, Everett, their child, Heather's current husband, Heather's first husband, Everett's mother, and Heather's older children. He also administered psychological tests to Heather and Everett. According to his testimony, certain tests can be helpful in the context of custody cases because they provide indications as to how a person copes with stress, whether a person has a thought disorder, and whether a person has misperceptions of reality, among other things. Dr. Lovinger's report detailed the individual histories of each person involved in the case. At the outset of his testimony, the parties again addressed the motion in limine. The court reminded the parties that it was allowing Dr. Lovinger to testify as to the context and background that was the basis for his reports, but was excluding any allegations of domestic violence or criminal conduct.

{¶ 17} Dr. Lovinger testified that Heather and Everett had difficulty communicating and co-parenting with each other. Dr. Lovinger also testified that Heather had described disturbing behavior exhibited by Everett, including allegedly breaking into her home after they divorced. In connection with this allegation and the preparation of his reports generally, Dr. Lovinger looked into Everett's background. Over the objection of Everett's counsel based on the court's ruling on the motion in limine, Dr. Lovinger testified that he reviewed records from the early 1990s in which domestic violence charges were brought against Everett.

{¶ 18} Dr. Lovinger also testified that Everett had post-traumatic stress disorder. Everett had been hospitalized in 2015 and was treated by a psychologist related to that hospitalization, and received intermittent psychological treatment at the Veterans Administration thereafter. Both Dr. Lovinger and the GAL described a situation in which Everett suffered extreme stress when Heather allegedly exhibited suicidal behavior; this stress, in part, led to his 2015 hospitalization. Dr. Lovinger testified that he found no evidence of Heather currently being suicidal or depressed.

{¶ 19} Throughout the trial hearings, the motion in limine was brought up and discussed numerous times. Heather's purported rationale for modifying the shared parenting plan was a history of what she perceived to be abuse and inappropriate conduct by Everett during the course of their marriage. In support of this rationale, Heather's counsel repeatedly attempted to introduce evidence related to Everett's behavior beginning years before their marriage and continuing after

their divorce decree, up to the trial in this case. At various points, the court granted the parties leeway in direct and cross-examination in order to provide adequate context for witness testimony and evidence. At other points, the court sustained objections to predecree testimony and evidence.

{¶ 20} Midway through the trial, on January 22, 2019, Heather sought reconsideration of the court's ruling on Everett's motion in limine. The court denied this motion.

{¶ 21} In the magistrate's decision journalized on April 10, 2019, the court found that Heather had not shown a change of circumstances for the minor child or either parent as required by R.C. 3109.04. The court also considered the factors set forth in R.C. 3109.04(F)(1) pertaining to the best interests of the child and made extensive findings. The court ultimately concluded that it was in the child's best interest that Everett be designated residential parent and sole custodial parent. In addition, the court terminated the shared parenting plan. The court went on to find that the aforementioned modification of the parenting order constituted a change of circumstance warranting a review of child support and medical support. Subsequently, the court designated Heather as the support obligor and Everett as the support obligee.

{¶ 22} On April 24, 2019, Heather filed objections to the magistrate's decision. On August 19, 2019, Heather filed supplemental objections to the magistrate's decision. On September 17, 2019, Everett filed a brief in opposition to

Heather's supplemental objections.  On September 23, 2019, the GAL filed a brief in opposition to Heather's supplemental objections.

{¶ 23} On December 13, 2019, the trial court overruled Heather's objections and adopted the magistrate's decision.  On January 10, 2020, Heather appealed, presenting four assignments of error for review.

**Assignment of Error No. 1**
The trial court erred, and this court should review de novo, the granting of Plaintiff's Motion in Limine to Exclude Certain Evidence, which was filed on September 26, 2018, by excluding evidence as to both Plaintiff's conduct prior to the date of the decree of divorce and as to the parties' interactions prior to the date of the divorce, especially including, but not limited to, evidence not learned by or known to the Defendant until a period of time after the entry of the original divorce, as testified to in the Defendant's proffer.

**Assignment of Error No. 2**
The Trial Court erred, and this Court should review de novo, the denying [of] Defendant's Motion for Reconsideration of Plaintiff's Motion in Limine to Exclude Certain evidence filed September 26, 2018, which was filed on January 22, 2019, by failing to follow proper procedure for such a motion in considering the admissibility of evidence and at each instance when the Defendant sought to introduce evidence which should have been subject to specific procedures, particularly in view of the determination it made to terminate the shared parenting plan, an act which required it to consider any history [of] Domestic Violence (R.C. 3109.04(F)(2)(c)).  Those procedures would have required a determination of such evidentiary issues, including but not limited to: a. whether such evidence was hearsay evidence which may have been within a proper exception to the hearsay rule and thus admissible; b. whether such evidence would otherwise properly impact the consideration of whether Defendant had established appropriate reasons in support of her primary substantive motion to modify and/or terminate the existing allocation of parental rights and responsibilities; c. whether such evidence, even though the underlying events occurred prior to the date of divorce, was or was not known or knowable by Defendant at the date of the decree of divorce, supported its being part of a continuing course of conduct by one or both of the parties.

**Assignment of Error No. 3**
The Trial Court erred in denying Defendant's Motion to Modify Current Parenting Order filed July 20, 2018, seeking either Defendant's being named sole residential parent and legal custodian or, alternatively, her being named residential parent and legal custodian for school enrollment purposes and modifying the contact schedule consistent with that designation by: a. determining that there was no change in circumstances under Revised Code 3109.04(E)(1)(a); and b. determining that the statutory best interests factors under Revised Code 3109.04(F)(1) support a determination of the Court's dissolving the shared parenting plan and designating Plaintiff as sole residential parent and legal custodian.

**Assignment of Error No. 4**
The Trial Court erred in granting, in part, Plaintiff's Motion for Attorney's Fees and Plaintiff's Motion for Litigation Fees/Expenses, both filed October 3, 2018.

Everett and the GAL each filed appellee briefs.

**Law and Analysis**

{¶ 24} In her first two assignments of error, Heather argues that the trial court erred in granting Everett's motion in limine and denying her motion to reconsider that decision. Because both of these assignments of error deal with the trial's court evidentiary rulings related to Everett's motion in limine, we will address them together.

{¶ 25} The purpose of a motion in limine "is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence." *Orbit Electronics, Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, ¶ 17 (8th Dist.), quoting *State v. French*, 72 Ohio St.3d 446, 449, 650 N.E.2d 887 (1995). "A ruling on a motion in

limine reflects the court's anticipated treatment of an evidentiary issue at trial and is a tentative, interlocutory, precautionary ruling." *Id.*, citing *Allgood v. Smith*, 8th Dist. Cuyahoga Nos. 76121 and 76122, 2000 Ohio App. LEXIS 1744, 15 (Apr. 20, 2000). Because finality does not attach to a preliminary ruling, a party must object to the introduction of testimony or evidence at trial in order to preserve the error for appeal. *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, ¶ 35, citing *State v. Grubb*, 28 Ohio St.3d 199, 203, 503 N.E.2d 142 (1986).

{¶ 26} Where, as here, the party has preserved the error for appellate review, we review a trial court's ruling on a motion in limine for abuse of discretion. *United States Bank v. Amir*, 8th Dist. Cuyahoga No. 97438, 2012-Ohio-2772, ¶ 18, citing *Sokolovic v. Hamilton*, 195 Ohio App.3d 406, 2011-Ohio-4638, 960 N.E.2d 510 (8th Dist.). An abuse of discretion suggests unreasonableness, arbitrariness, or unconscionability in the trial court's decision. *Id.*, citing *Valentine v. Conrad*, 110 Ohio St.3d 42, 2006-Ohio-3562, 850 N.E.2d 683, ¶ 9.

{¶ 27} The proceedings in this case were governed by R.C. 3109.04, which states, in relevant part:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

R.C. 3109.04(E)(1)(a). Therefore, the nature of the postdecree proceeding obligated the trial court to find a change of circumstances, based on new or previously unknown facts, before modifying the shared parenting plan.

{¶ 28} The motion in limine in this case sought to exclude testimony relating to facts or circumstances "that arose or occurred prior to the existing parenting order journalized on May 25, 2016." This motion sought a ruling from the court applying the terms of R.C. 3109.04(E)(1)(a) described above, and in granting the motion, the court was merely complying with the statute.

{¶ 29} Further, our review of the record reveals that at various points throughout the trial, evidence of predecree facts and circumstances was admitted by the trial court. The court appreciated that this case was highly contested and took steps to ensure that the parties were able to provide context for their evidence and arguments at trial. Nothing in the record suggests that the court's evidentiary rulings were unreasonable, arbitrary, or unconscionable. Because the court did not

abuse its discretion in granting Everett's motion in limine, we overrule Heather's first assignment of error.

{¶ 30} Heather's second assignment of error argues that the trial court erred by failing to follow the proper procedure for considering a motion in limine. Specifically, she argues that after issuing its preliminary ruling, the court was required to have a second hearing to determine the admissibility of particular evidence when it is introduced at trial.

{¶ 31} As discussed above, a ruling on a motion in limine is "tentative" and reflects the court's "anticipatory treatment" of the evidentiary issues in question. *Grubb*, 28 Ohio St.3d 199, 201, 503 N.E.2d 142 (1986). Following this preliminary ruling, "should circumstances subsequently develop at trial, the trial court is certainly at liberty 'to consider the admissibility of the disputed evidence in its actual context.'" *Id.*, quoting *State v. White*, 6 Ohio App.3d 1, 4, 451 N.E.2d 533 (8th Dist.1982).

{¶ 32} Here, the evidentiary issues Heather raises in this appeal were addressed repeatedly and thoroughly by the trial court. Both parties objected throughout the trial when a witness or counsel was attempting to testify regarding predecree facts or circumstances. The trial court followed the appropriate procedure, and nothing in the trial court's reconsideration of the motion in limine constituted an abuse of discretion. Therefore, Heather's second assignment of error is overruled.

{¶ 33} In her third assignment of error, Heather argues that the trial court erred in denying her motion to modify the current parenting order and seeking an order naming her as sole residential parent and legal custodian. Heather argues that the trial court erred both by finding that there was no change in circumstances pursuant to R.C. 3109.04(E)(1)(a) and that the statutory best interest factors in R.C. 3109.04(F)(1) supported the designation of Everett as sole residential parent and legal custodian.

{¶ 34} Because custody decisions are "some of the most difficult and agonizing decisions a trial judge must make[,]" trial courts have wide latitude in considering all the evidence before them. *Saylor v. Saylor*, 1st Dist. Hamilton No. C-190463, 2020-Ohio-3647, ¶ 10. Therefore, we review a trial court's decision in child custody matters for abuse of discretion. *In re E.O.T.*, 8th Dist. Cuyahoga No. 107328, 2019-Ohio-352, ¶ 39, citing *In re C.M.*, 8th Dist. Cuyahoga Nos. 99601 and 99602, 2013-Ohio-5427, ¶ 37. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that a trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *In re E.S.*, 4th Dist. Pickaway Nos. 17CA16 and 17CA17, 2018-Ohio-1902, ¶ 23, quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997), quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Such deference is "even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does *not* translate to the record well." *Id.*

{¶ 35} After a thorough review of the record, we cannot conclude that the trial court abused its discretion by designating Everett sole residential parent and legal custodian or by terminating the shared parenting plan. With respect to the designation of Everett as sole residential parent, the court correctly determined that there had not been a change in circumstances that would allow for modification of the shared parenting plan.

{¶ 36} Heather's primary argument that there was a change in circumstances warranting modification of the shared parenting plan was that Everett's history of domestic violence before, during, and after his marriage to Heather, had escalated following the journalization of the divorce decree. Specifically, Heather testified at trial that she agreed to the terms of the separation agreement and shared parenting plan just to "get [Everett] away from" her because she needed an escape from their abusive relationship. Heather cites her own trial testimony and other evidence she presented at trial to support this argument.[1]

{¶ 37} In support of her argument, Heather relies in part on this court's decision in *M.D. v. M.D.*, 2018-Ohio-4218, 121 N.E.3d 819 (8th Dist.). In *M.D.*, the petitioner-appellant appealed from a judgment sustaining the objections of respondent-appellee and vacating a civil protection order that had protected the petitioner-appellant and the parties' two minor children. *Id.* at ¶ 1. This court held

---

[1] Despite her evidentiary arguments in the first and second assignments of error — that she was improperly prevented from introducing evidence in support of her motions — her appellate brief includes an extensive list of citations to the record in which she testified as to Everett's alleged abuse.

that the magistrate in that case erred by limiting the testimony to events that occurred within one year of the petitioner-appellant's filing the domestic violence civil protection order. *Id.* at ¶ 79. The court reasoned that the parties' history was relevant to establishing whether the respondent-appellee had committed acts of domestic violence against the petitioner-appellant, and moreover, that the magistrate's time limit on the inquiry was entirely arbitrary. *Id.*

{¶ 38} Unlike the proceedings in *M.D.*, the proceedings in the instant case were governed by a statute that explicitly limits the court's inquiry to facts and circumstances that have either arisen since the prior decree or were unknown at the time of the decree. Therefore, Heather's reliance on *M.D.* is misplaced.

{¶ 39} Heather also points to a guide from the Ohio Supreme Court, *The Supreme Court of Ohio Domestic Violence and Allocation of Parental Rights and Responsibilities Court Guide* in support of her argument. At trial, custody evaluator Dr. Lovinger testified that Everett had exhibited numerous risk factors identified by the guide. We are mindful that domestic violence risk factors are often closely linked with custody determinations, and the Ohio Supreme Court guide provides helpful direction in this area. In this case, however, we do not find that this testimony or the allegations of domestic violence generally indicate that the trial court abused its discretion.

{¶ 40} Our review of the record reveals that this case was highly contested. Everett and Heather described drastically different versions of events and circumstances, even with respect to something as fundamental as the appropriate

name for their child. Both were cross-examined extensively about these events and circumstances. The trial court heard all of this testimony, including Dr. Lovinger's testimony regarding the Ohio Supreme Court guide. The trial court also heard testimony from the GAL, who had spoken with both parties extensively and ultimately recommended that it was in the child's best interest to remain in Ohio with Everett.

{¶ 41} In determining the best interest of a child pursuant to a custody determination, the court is required to consider all relevant factors, including those enumerated in R.C. 3109.04(F)(1) and (2), such as the wishes of the child's parents; the wishes of the child; the child's interaction and interrelationship with their parents, siblings, and any other relatives; the child's adjustment to their home, school, and community; and the mental and physical health of all persons involved in the situation. The court in this case heard extensive testimony and received additional evidence going to all of these factors. The court considered the child's relationship with Heather and Everett, as well as his relationship with his siblings, stepfather, and grandparents. The court also considered that the child was thriving in Ohio and had significant ties to his school, community, and maternal and paternal relatives in Ohio. The court also considered the allegations of domestic violence made against Everett. Our review of the record shows that the court considered all relevant factors in determining the outcome that was in the child's best interest as it was statutorily obligated to do.

{¶ 42} We recognize the difficult nature of this case, and we are mindful that in a highly contested custody case involving relocation, in which the child has strong and loving relationships with both parents, it is difficult if not impossible to achieve an outcome that satisfies all parties. In light of the utmost deference we must accord to the trial court's determinations, however, we cannot conclude that the trial court's decision was unreasonable, arbitrary, or unconscionable. Heather established that she and Everett had a difficult and contentious relationship, but she did not establish that there had been a change in circumstances justifying modification of the shared parenting plan to which she had consented. It is worth noting that after Heather remarried, she moved with her older children to Florida and began her new life, leaving her child with Everett in Ohio pursuant to the terms of the shared parenting plan Heather had agreed to and signed in 2016. Likewise, at the conclusion of the trial in this case, because Heather had been living in Florida for over a year, the child had spent the large majority of that time with Everett. Furthermore, as of the date of this appeal, several more years have passed, during which time the child has presumably developed even stronger ties to his school, his community, and his family in Ohio. Because the trial court did not abuse its discretion in designating Everett the sole residential parent and legal custodian and terminating the shared parenting plan, we overrule Heather's third assignment of error.

{¶ 43} In Heather's fourth and final assignment of error, she argues that the trial court erred in granting Everett's motion for attorney fees and motion for litigation fees/expenses in part. We disagree.

{¶ 44} R.C. 3105.73(B) provides:

In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

We review the domestic relations court's decision to grant attorney fees for an abuse of discretion. *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 103493 and 103536, 2016-Ohio-4714, ¶ 31, citing *Dureiko v. Dureiko*, 8th Dist. Cuyahoga No. 94393, 2010-Ohio-5599, ¶ 26.

{¶ 45} Here, the magistrate's decision found that Everett had incurred $67,844.00 in attorney fees for services in the instant case and had a remaining balance of $54,694.00. The magistrate's decision found that the parties stipulated as to counsel's expertise, experience, and reasonable hourly rate. Finally, the magistrate's decision found that "[t]here were unique issues or procedural complexities in the case, in that the case was complicated by Defendant/Mother." Based on these findings, the magistrate determined that it was equitable for Heather to pay $5,000 toward Everett's attorney fees and litigation expenses.

{¶ 46} Having reviewed the entire record, and understanding the lengthy and difficult procedural history of this case, we cannot conclude that this award was unreasonable, arbitrary, or unconscionable. The award was a small fraction of the total amount of fees incurred, and the record reflects that the length of the

proceedings below was largely the result of Heather's actions. Because the court did not abuse its discretion in granting Everett's motion for attorney fees and motion for litigation expenses, we overrule Heather's fourth assignment of error.

{¶ 47} For the foregoing reasons, we affirm the judgment of the domestic relations court designating Everett as the sole residential parent and legal custodian and terminating the shared parenting plan.

{¶ 48} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR