OPINION
{¶ 1} Defendant-appellant, Lacey Schroeder, appeals from a Belmont County, Northern Division Court decision awarding plaintiff-appellee, Barbara Saratte, $2,263 for veterinary bills and the loss of her dog resulting from an attack by appellant's dog.
 {¶ 2} On March 15, 2008, appellant took her Weimaraner out for a walk. The dog was on a leash. Appellant's dog saw appellee's Yorkshire Terrier, which was in appellee's yard, and ran towards it. In doing so, appellant's dog broke free from appellant's control. Appellant's dog grabbed appellee's dog around the chest area causing damage to the dog's ribs, lungs, and vasculature.
 {¶ 3} Appellee took her dog to an emergency veterinary clinic. The veterinarian suggested that appellee consider putting her dog to sleep due to the severe injuries. Appellee sought surgical intervention. However, the surgery was unsuccessful and the dog died.
 {¶ 4} Appellee filed a small claims complaint against appellant seeking to recover the value of the dog, which she alleged was $600, and her veterinary expenses, which totaled $2,063.
 {¶ 5} The matter proceeded to a trial where both parties gave testimony. Appellant admitted that her dog attacked appellee's dog. Additionally, appellee submitted the patient chart and invoice from the treating animal clinic. In his report, the veterinarian stated that he recommended that appellee consider euthanasia but that she insisted that he try surgical repair.
 {¶ 6} The court found in favor of appellee. The court found the fair market value of the dog was $200. It also found that appellee was entitled to reimbursement for her veterinary bills. Therefore, it entered judgment against appellant in the amount of $2,263, plus interest.
 {¶ 7} Appellant filed a timely notice of appeal on June 12, 2008.
 {¶ 8} Initially, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as *Page 2 
correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App. R. 18(C).
 {¶ 9} Appellant raises two assignments of error. She addresses both assignments of error in one argument and the two basically raise the same issue. Therefore, we will address them together. They state:
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION BY AWARDING DAMAGES IN ADDITION TO THE FAIR MARKET VALUE OF PLAINTIFF-APPELLEE'S PERSONAL PROPERTY CONTRARY TO LAW."
 {¶ 11} "THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION BY AWARDING ADDITIONAL DAMAGES IN CONTRAVENTION OF LAW WHERE PLAINTIFF-APPELLEE FAILED TO MITIGATE HER DAMAGES FOR LOSS OF VALUE OF HER PERSONAL PROPERTY."
 {¶ 12} Appellant first points out that dogs are considered personal property. She further points out that the general rule for damages to personal property is that damages are to be measured by the difference between the fair market value of the property immediately before the loss and the fair market value immediately after the loss. She notes that the court found the fair market value of appellee's dog to be $200. She contends that the court's award of more than ten times that amount was unreasonable.
 {¶ 13} Appellant argues that appellee should have mitigated her damages by having the dog put to sleep instead of opting for surgery. She asserts that spending over ten times the dog's value was unreasonable. Appellant contends that the court's award of damages in this case was based on sentimentality, not law.
 {¶ 14} A reviewing court will not reverse a trial court's award of damages absent an abuse of discretion. Roberts v. United States Fid. Guar. Co. (1996), 75 Ohio St.3d 630, 634, 665 N.E.2d 664. Abuse of discretion connotes more that an error of law or judgment; it implies that the trial court's judgment was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. *Page 3 
 {¶ 15} R.C. 955.28(B) provides in pertinent part: "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog * * *." A dog is considered personal property. R.C. 955.03. Thus, the owner of a dog who causes damage to another dog is liable in damages for the loss of the other dog.
 {¶ 16} Generally, damages for loss of personal property are limited to the difference between the property's fair market value before and immediately after the loss. Oberschlake v. Veterinary Assoc. AnimalHosp., 151 Ohio App.3d 741, 2003-Ohio-917, at ¶ 9, citingAkro-Plastics v. Drake Industries (1996), 115 Ohio App.3d 221, 226,685 N.E.2d 246. Consequently, damages are seldom awarded for the loss of a family pet, because pets have little or no market value. Id.
 {¶ 17} But damages have been properly allowed for costs connected with an improper veterinary surgery (Oberschlake, 151 Ohio App.3d 741), with veterinary bills incurred when a dog was injured by electric fence (Pacher v. Invisible Fence of Dayton, 154 Ohio App.3d 744,2003-Ohio-5333), and with veterinary bills incurred in the misdiagnosis of a tumor in a dog's ear (Lewis v. Hendrickson, 4th Dist. No. 02CA18, 2003-Ohio-3756). Thus, courts have allowed the award of damages for veterinary bills when a dog is injured due to veterinary malpractice and negligence by an electric fence company. It is likewise reasonable to allow damages for veterinary bills when a dog is injured by another dog.
 {¶ 18} Here the trial court did not abuse its discretion in making its damages award to appellee. In entering its judgment, the court explained its damages award for the veterinary bills. It stated that the medical bills were directly attributable to the attack by appellant's dog. The court acknowledged that the veterinarian recommended that appellee should consider putting her dog to sleep. But it found that in light of the situation, appellee acted reasonably in trying to save her dog/personal property. Appellee simply opted to attempt surgery to preserve her dog/property. The expenses totaled approximately $2,000, which was not unreasonable under the circumstances. *Page 4 
 {¶ 19} Additionally, the report from the veterinarian suggested that appellee "consider" putting her dog to sleep. It did not state emphatically that appellee should resort to euthanasia or that she did not have other options.
 {¶ 20} Finally, the court found that the dog was worth only $200 when appellee asserted that it was worth $600. The reduction of value for the loss of the dog lends further support to the notion that the court considered the evidence in this case and based its award on what was reasonable under the circumstances.
 {¶ 21} Thus, the court's damages award was not arbitrary, unreasonable, or unconscionable. On the contrary, the court made a well-reasoned decision after considering the small amount of evidence presented in this case. Accordingly, both of appellant's assignments of error are without merit.
 {¶ 22} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, P.J., concurs.
Waite, J., concurs. *Page 1