[Cite as *Davison v. Parker* , 2014-Ohio-3277.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DAVID DAVISON, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2013-L-098** |
| BRENT PARKER, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12 CV 001995.

Judgment: Affirmed.

*Michael D. Brennan*, The Law Offices of Michael D. Brennan, LLC, 5001 Mayfield Road, Suite 301, Cleveland, OH 44124 (For Plaintiffs-Appellants).

*David M. Lynch*, 333 Babbitt Road, Suite 333, Euclid, OH 44123 (For Defendant-Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, David Davison, Nichole Davison, and Allie Davison, a minor, by and through her parents and legal guardians, David and Nichole Davison, appeal the judgment of the Lake County Court of Common Pleas granting, in part, appellee, Brent Parker's, motion for summary judgment. On appeal, appellants assign error only with respect to the trial court granting appellee's motion for summary judgment on the issue of damages. The trial court limited compensatory damages to the market value of

appellants' dog, which was shot and killed by appellee. For the reasons that follow, we affirm.

{¶2} Appellants filed a complaint against appellee for damages resulting from the November 2011 incident. The complaint stated that appellee shot and killed appellants' 14-year-old black Labrador Retriever, Thai. Appellants and appellee leased residential households on Cottage Hill Farm, a farm property located at 7532 Chardon Road in Kirtland, Ohio. Appellants alleged that, pursuant to consent from the landlord, Thai was permitted to wander the property. After being let out in the morning of November 21, 2011, Thai did not return. Eventually, Thai was found dead in the woods; he had been shot.

{¶3} A criminal investigation ensued, and appellee ultimately confessed to killing Thai. Appellee was charged and found guilty of violations of R.C. 959.131(B), "prohibitions concerning companion animals," and Kirtland Codified Ordinance 672.12(A), pointing and discharging firearms in a municipality.

{¶4} Appellants filed the instant lawsuit seeking damages for conversion, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and loss of companionship in society. Appellants also sought punitive damages.

{¶5} Appellee filed a motion for summary judgment, and appellants filed a memorandum in opposition. The trial court granted appellee's motion for summary judgment with respect to appellants' claims for negligent infliction of emotional distress, intentional infliction of emotional distress, and loss of companionship. The trial court denied appellee's motion for summary judgment with respect to appellants' claims for

2

negligence, destruction of property, and punitive damages. The court's entry contained a specific finding under Civ.R. 54(B) that there was no just reason for delay.

{¶6} With respect to the issue of damages, the trial court found "that the appropriate measure of damages in this case is market value." The trial court reasoned that, although appellants argue for a change in the existing law, "the Ohio legislature has explicitly stated that dogs are personal property. R.C. 955.03." The trial court stated, "[a]ny decision to apply a measure of damages beyond those applicable to personal property would contradict the legislature's intention that dogs be treated as personal property."

{¶7} Appellants filed a timely notice of appeal and assert the following assignment of error for our review:

{¶8} "The trial court committed prejudicial error in granting Defendant-Appellee, Brent Parker's, motion for summary judgment on the issue of damages, limiting compensatory damages to market value of the Plaintiff-Appellants' companion animal."

{¶9} We review a trial court's decision(s) on a motion for summary judgment de novo. *U.S. Bank Natl. Assn. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶10, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." Civ.R. 56(C).

3

{¶10} At the outset, we note that appellants have neither assigned error nor made any argument with respect to the trial court's granting of appellee's motion for summary judgment on appellants' claims of negligent infliction of emotional distress, intentional infliction of emotional distress, and loss of companionship. On appeal, appellants argue only that market value is not the appropriate measure of damages in this case because appellee deprived appellants of their companion, the value of which cannot be measured in terms of market value. Appellants distinguish Thai, whom they classify as a "special companion animal," from inanimate property.

{¶11} Although appellants cite to case law from our sister states that have rejected market value of a dog as the appropriate measure of damages, these cases are not applicable. The current law in Ohio classifies "animals as personal property and does not recognize noneconomic damages for personal property. While such a change in the law may one day occur, this is not the proper forum for such change." *Sokolovic v. Hamilton*, 195 Ohio App.2d 406, 2011-Ohio-4638, ¶14 (8th Dist.). "Market value is a standard to guide the court in the valuation of personal property loss." *McDonald v. Ohio State Univ. Veterinary Hosp.*, 67 Ohio Misc.2d 40, 41 (Oct. 11, 1994), citing *Bishop v. E. Ohio Gas Co.*, 143 Ohio St. 541, 546 (1944). Additionally, R.C. 955.03, entitled "dogs are personalty," provides: "Any dog which has been registered under sections 955.01 and 955.04 of the Revised Code and any dog not registered under such sections shall be considered as personal property and have all the rights and privileges and be subject to like restraints as other livestock."

{¶12} In *McDonald*, *supra*, the court deviated from market value in awarding the dog owner damages in the amount of $5,000. A German Shepherd pedigree dog,

4

Nemo, suffered from irreversible paralysis as a result of surgery performed by the veterinary hospital; the owner was eventually forced to euthanize Nemo. *Id.* at *41. The court recognized that dogs are considered personal property under Ohio law, and thus, market value is typically the standard when assessing damages. *Id.* at *42. Yet, the court in *McDonald* stated this "'is a standard not a shackle. When market value cannot be feasibly obtained, a more elastic standard is resorted to, sometimes called the standard of value to the owner.'" *Id.*, citing *Bishop*, *supra*, at 546. The court utilized this standard with respect to Nemo because of his uniqueness, time spent in training, and unavailability in the open market, as well as the owner's potential loss from stud fees. *Id.*

{¶13} The classification of a dog as personal property is statutory, and we must abide by that classification. The market-value limitation on damages is derived from the common law. *See* Agorianitis, *Being Daphne's Mom: An Argument for Valuing Companion Animals as Companions*, 39 J. Marshall L. Rev. 1453, 1455 (2006) (commenting that companion animals were originally considered valueless at common law; however, case law has allowed for limited recovery vis-à-vis the market value of the particular animal). We agree that the common law limitation of damages could, under appropriate facts such as in *McDonald*, be expanded for particularized pecuniary loss. The facts here demonstrate conduct by appellee that is outrageous and deplorable. The facts, however, do not demonstrate a particularized and identifiable pecuniary loss. There is no evidence in the record of the type of losses established in *McDonald*. While we appreciate the subjective value of Thai to appellants and their emotional attachment to him, the law simply does not consider sentimentality as "a proper element in the

5

determination of damages caused to animals." *McDonald, supra*, at *42. Appellants' sole assignment of error is without merit.

{¶14} The judgment of the Lake County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6