[Cite as *Rego v. Madalinski*, 2016-Ohio-7339.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Jamie Rego

Appellant

v.

Shawn Madalinski

Appellee

Court of Appeals No. L-16-1030

Trial Court No. CVF-15-04492

**DECISION AND JUDGMENT**

Decided:  October 14, 2016

* * * * *

David L. Rice, for appellant.

Todd J. McKenna, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This action commenced on April 1, 2015, with appellant, Jamie Rego, filing a complaint for damages against appellee, Shawn Madalinski.  The complaint alleged, and the parties do not dispute, that on November 23, 2014, and on appellee's property where appellant's dog was visiting, appellee's dog attacked and seriously injured appellant's dog.  At the filing of the complaint, the veterinary bills were in excess of $10,000.

{¶ 2} On January 28, 2016, the Toledo Municipal Court granted appellee's motion for summary judgment finding that because dogs are legally classified as personal property, compensatory damages were capped at the market value of the animal. Appellant was then awarded $400, the agreed-upon value, plus court costs. This appeal followed with appellant raising the following assignment of error:

1. The trial court erred in holding that damages for veterinary expenses incurred for the treatment of a dog attacked and injured by another dog are limited to the market value of the injured dog.

{¶ 3} Appellant argues in her sole assignment of error that the trial court improperly limited recovery to the dog's market value. Appellant contends that the veterinary bills incurred following the attack should have also been awarded.

{¶ 4} We first note that it is undisputed that Ohio classifies dogs as personal property. R.C. 955.03 provides:

Any dog which has been registered under sections 955.01 and 955.04 of the Revised Code and any dog not required to be registered under such sections shall be considered as personal property and have all the rights and privileges and be subject to like restraints as other livestock.

{¶ 5} Further, R.C. 955.28 provides:

(B) The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an

2.

individual who, at the time, was committing or attempting to commit criminal trespass or another criminal offense other than a minor misdemeanor on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense other than a minor misdemeanor against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property. * * *.

**{¶ 6}** Damages for loss or injury to personal property, including dogs, is generally limited to the fair market value of the property. *Davison v. Parker*, 11th Dist. Lake No. 2013-L-098, 2014-Ohio-3277, ¶ 11-13. In support of appellant's argument, appellant relies on *Saratte v. Schroeder*, 7th Dist. Belmont No. 08-BE-18, 2009-Ohio-1176. In *Saratte*, the appellant was walking her dog on a leash when it spotted appellee's dog, a smaller animal, in its yard. *Id.* at ¶ 2. The dog broke free from appellant, ran into the yard and grabbed and injured appellee's dog. *Id.* The dog ultimately died from its injuries. *Id.* at ¶ 3. Following a trial on the matter, the court awarded appellee $2,263 which included the value of the dog and veterinary expenses. *Id.* at ¶ 6.

**{¶ 7}** On appeal, the appellant contended that the court awarded excessive damages where it found that the value of the dog was only $200 and that because the veterinarian suggested euthanasia, appellee failed to mitigate damages. *Id.* at ¶ 12-13. The court first acknowledged that the general measure of damages is the difference in fair market value immediately before and immediately after the loss. *Id.* at ¶ 16.

3.

**{¶ 8}** Finding that the trial court did not abuse its discretion in awarding damages for veterinary fees, the court cited the following three cases which awarded veterinary bills: *Oberschlake v. Veterinary Assoc. Animal Hosp.*, 151 Ohio App.3d 741, 2003-Ohio-917, 785 N.E.2d 811 (2d Dist.); *Pacher v. Invisible Fence of Dayton*, 154 Ohio App.3d 744, 2003-Ohio-5333, 798 N.E.2d 1121 (2d Dist.); *Lewis v. Hendrickson*, 4th Dist. Gallia No. 02CA18, 2003-Ohio-3756. We will examine each in turn.

**{¶ 9}** In *Oberschlake*, the court affirmed the damages award for veterinary malpractice; specifically, the costs associated with an improper surgery. The crux of the appeal, however, was the issue of noneconomic damages, i.e., negligent infliction of emotional distress and consortium which the court rejected. *Id.* at ¶ 15. Next, in *Pacher*, the trial court awarded damages for breach of contract and negligence when a family's dog was burned from the use of an invisible fence. Again, the appeal, authored by the same judge in *Oberschlake*, was premised on the court's denial of noneconomic damages and was rejected. The fence company appealed the negligence and breach of contract findings. The court found that the company had a duty to conduct its business without causing injury to its customer's property. *Id.* at ¶ 40. Further, the court agreed that the company breached its promise to rectify the containment issues. *Id.* at ¶ 58. Finally, in *Lewis*, *supra*, reviewing an evidentiary issue, the Fourth Appellate District affirmed a trial court's award of veterinary expenses in a veterinary malpractice case.

**{¶ 10}** Other than *Saratte*, we acknowledge that Ohio cases that have awarded damages beyond fair market value and including the cost of veterinary expenses, have

4.

based their award on evidence of special characteristics of the animal, i.e., pedigree, training, or breeding income. *See McDonald v. Ohio State Univ. Veterinary Hosp.*, 67 Ohio Misc.2d 40, 644 N.E.2d 750 (Ct. of Cl.1994); *Reed v. Vickery*, S.D.Ohio No. 2:09-cv-91, 2009 U.S. Dist. LEXIS 102151 (Oct. 9, 2009). However, we cannot ignore the growing number of courts outside of Ohio which have awarded veterinary expenses for injuries caused by attacks from other dogs, *see Leith v. Frost*, 899 N.E.2d 635 (Ill.App.2008) and *Irwin v. Degtiarov*, 8 N.E.3d 296 (Mass.App.2014) and grooming or kennel injuries, *Burgess v. Shampooch Pet Industries*, 131 P.3d 1248 (Kan.App.2006) and *Barking Hound Village v. Monyak*, 787 S.E.2d 191 (Ga.2016). Further, some states have enacted statutes allowing recovery for economic damages such as veterinary expenses for injured pets. *See* Md.Code Ann. 11-110; Nev.Rev.Stat.Ann. 41-740. In addition, various courts and law review articles have discussed the plausibility of reclassifying companion animals under a "semi-property" classification suggesting such terms as companion property, or sentient property. *See, generally*, William C. Root, Note, 47 Vill.L.Rev. 423 (2002); Lauren M. Sirois, Comment, 163 U.Pa.L.Rev. 1199 (2015).

{¶ 11} We agree with and acknowledge that pets do not have the same characteristics as other forms of personal property, such as a table or sofa which is disposable and replaceable at our convenience. Accordingly, additional factors should be considered in fashioning an appropriate economic damages award due to loss or injury. Such factors include fair market value, age of the pet, pedigree, training, breeding

5.

income, recommendation of the treating veterinarian, circumstances of the injury, and anticipated recovery. The overriding consideration is the reasonableness of the expenses and is fact specific. *Irwin v. Degtiarov*, 8 N.E.3d at 301 (Mass.App.2014). Importantly we note that

> [a]lthough the owner's affection for the animal may be considered in assessing the reasonableness of the decision to treat the animal, the owner cannot recover for his or her own hurt feelings, emotions, or pain. Nor is the owner entitled to recover for the loss of the animal's companionship or society. *Id.* at 302.

{¶ 12} Based on the foregoing, we find that fact issues remain as to the damages beyond fair market value to which appellant is entitled to recover. Accordingly, we find that appellant's assignment of error is well-taken.

{¶ 13} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Toledo Municipal Court is reversed, in part, and the matter is remanded for a damages hearing. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed, in part.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                    JUDGE

Arlene Singer, J.

                                                            _____
Thomas J. Osowik, J.                                                JUDGE
CONCUR.

                                                            _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.