[Cite as *Perelman v. Meade*, 2021-Ohio-4247.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| JULIE PERELMAN, | : | |
| Appellant, | : | CASE NO. CA2021-06-054 |
| | : | O P I N I O N |
| - vs - | | 12/6/2021 |
| | : | |
| PAUL C. MEADE, DVM, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM LEBANON MUNICIPAL COURT
Case No. CVH-2100041

Julie S. Perelman, pro se.

Rolfes Henry Co., L.P.A., and John A. Fiocca, Jr., for appellees.

**HENDRICKSON, J.**

{¶1}  Appellant, Julie Perelman, appeals from the decision of the Lebanon Municipal Court, which granted summary judgment in favor of appellees, Lebanon Animal Hospital, Paul Meade, DVM, and Tom Meade, DVM (collectively, "the defendants").  For the reasons detailed below, we affirm the trial court's decision.

{¶2}  In September 2019, the Humane Association of Warren County ("Humane Association") rescued a female Labrador Mix puppy named Piper.  The record reflects that

on September 30 and October 14, 2019, the Humane Association arranged for Piper's veterinary care, vaccinations, and the insertion of a microchip.

{¶3} On October 16, 2019, an individual from Miamisburg, Ohio ("B.J.R.") agreed to adopt Piper for $250. As a condition of the agreement, the Humane Association agreed to have Piper spayed. Therefore, the Humane Association contracted with Lebanon Animal Hospital to perform Piper's spay procedure for a $75 fee. The parties dispute whether Tom Meade, DVM, or Paul Meade, DVM, performed the procedure.[1] However, it is undisputed that the procedure was performed on October 30, 2019.

{¶4} Following the procedure, B.J.R. retrieved Piper from the hospital. As relevant to this case, dogs are considered personal property under Ohio law. R.C. 955.03; *Sokolovic v. Hamilton*, 8th Dist. Cuyahoga No. 96189, 2011-Ohio-4638, ¶ 18.

{¶5} On February 13, 2020, B.J.R. returned Piper to the Humane Association. The following day, on February 14, 2020, Perelman adopted Piper. The Veterinary Treatment History associated with the adoption agreement indicated that Piper had been spayed.

{¶6} On March 3, 2020, Perelman reported that Piper's vulva was swollen, and she appeared to be in heat. According to the summary judgment evidence presented, Perelman's veterinarian, Joanne Goodman, DVM, explained that an ovarian remnant could cause those symptoms and advised Perelman to wait and see if Piper came into heat again in the fall or winter.

{¶7} In December 2020, Piper again showed signs of being in heat and Dr. Goodman recommended exploratory surgery to look for an ovarian remnant. The exploratory surgery was performed on December 11, 2020. During the procedure, Dr. Goodman found that Piper's left ovary, suspensory ligament, ovarian pedicle, and left

---

1. Tom Meade averred that he performed the procedure while the "Spayed/Neutered Certificate" states that Paul Meade performed the procedure.

- 2 -

uterine horn were completely intact down to the uterine body. Dr. Goodman proceeded to remove the remnants, which she described as the "left side of Piper's reproductive tract." Dr. Goodman also observed an abnormal, fluid filled structure off the side of Piper's bladder. Dr. Goodman concluded that Piper's kidney was abnormal and referred Perelman to a specialist. Dr. Goodman averred that the original spay procedure was below the standard of care for any veterinarian and that the improper procedure resulted in the need for a nephrectomy, the surgical removal of a kidney.

{¶8} On December 16, 2020, Eric Rowe, DVM, performed the nephrectomy on Piper. Dr. Rowe opined that the original spay procedure was performed below the minimum standard of care.

{¶9} On December 28, 2020, Perelman brought this action in the Lebanon Municipal Court, Small Claims Division, against Lebanon Animal Hospital alleging that the original spay procedure had been negligently performed. She claimed damages in the amount of $3,214.34 for the expenses she incurred from the surgeries performed by Dr. Goodman and Dr. Rowe.

{¶10} The case was subsequently transferred to the court's general civil docket. Paul Meade and Tom Meade were later added as defendants. On March 24, 2021, the defendants moved for summary judgment. On April 24, 2021, the trial court granted summary judgment in favor of the defendants. Perelman now appeals, raising a single assignment of error for review:

{¶11} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT BY GRANTING SUMMARY JUDGMENT.

{¶12} In her sole assignment of error, Perelman alleges the trial court erred by granting summary judgment in favor of the defendants.

{¶13} This court reviews summary judgment decisions de novo. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there are no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law and, (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St. 3d 367, 369-70 (1998).

{¶14} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id*. In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Avila v. Hughes*, 12th Dist. Warren No. CA2020-08-047, 2021-Ohio-2463, ¶ 34.

{¶15} In order to establish an actionable negligence claim, a plaintiff must establish that (1) the defendant owed plaintiff a duty, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff's injuries. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2014-Ohio-5205, ¶ 9.[2] Duty refers to the

---

2. Damages for loss or injury to personal property, including dogs, is generally limited to the fair market value of the property. *Rego v. Madalinski*, 6th Dist. Lucas No. L-16-1030, 2016-Ohio-7339, ¶ 6. Because of this standard, Ohio courts have admitted that damages will seldom be awarded for the loss of a family pet, since pets have little or no market value. *Sokolovic*, 2011-Ohio-4638 at ¶ 15; *Davison v. Parker*, 11th Dist. Lake No. 2013-L-098, 2014-Ohio-3277, ¶ 13. However, several Ohio cases have awarded damages beyond fair market value, including the cost of veterinary expenses. *Oberschlake v. Veterinary Assocs. Animal Hosp.*, 151 Ohio App.3d 741, 2003-Ohio-917 (2d Dist.) (costs connected with an improper veterinary surgery); *Lewis v. Hendrickson*, 4th Dist. Gallia No. 02CA18, 2003-Ohio-3756 (veterinary bills incurred in the misdiagnosis of a tumor in a dog's ear); *Pacher v. Invisible Fence of Dayton*, 154 Ohio App.3d 744, 2003-Ohio-5333, ¶ 19 (2d Dist.) (veterinary bills incurred when a dog was injured by electric fence); *Saratte v. Schroeder*, 7th Dist. Belmont No. 08-BE-18, 2009-Ohio-1176 (allowing damages for veterinary bills when a dog is injured by another dog); *Rego* (remanding for calculation of damages beyond fair market value).

- 4 -

relationship between a plaintiff and a defendant from which an obligation arises on the part of the defendant to exercise due care toward the plaintiff. *Howard v. Kirkpatrick*, 12th Dist. Fayette No. CA2008-11-040, 2009-Ohio-3686, ¶ 11. The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. *Uhl v. Thomas*, 12th Dist. Butler No. CA2008-06-131, 2009-Ohio-196, ¶ 10. A determination of whether a duty exists is a question of law for the court to decide. *Williamson v. Geeting*, 12th Dist. Preble No. CA2011-09-011, 2012-Ohio-2849, ¶ 13, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

{¶16} In the present case, Perelman brought this negligence case against the defendants alleging that they improperly performed the original spay procedure and requested damages for the two additional surgeries performed on Piper. The defendants claimed they were entitled to summary judgment for a variety of reasons, including that Perelman lacked standing to sue and that her claims were barred by the economic loss doctrine. The defendants also argued that Perelman incurred unnecessary veterinary expenses because she could have returned the dog pursuant to her contract with the Humane Association. The trial court granted summary judgment in favor of the defendants in a brief written entry concluding that there were no genuine issues of material fact.

{¶17} On appeal, Perelman argues that the trial court erred in granting summary judgment to the defendants. In so doing, she alleges that there were two genuine issues of material fact. First, Perelman argues that there was a genuine issue of material fact concerning which veterinarian at Lebanon Animal Hospital performed the original spay procedure. Second, Perelman states that there is a dispute as to whether the October 30, 2019, procedure was a "proper" spay. She raised no additional legal claims until her reply brief.

{¶18} Following review, we find the trial court did not err in granting summary judgment in favor of the defendants. As the record reveals, Piper was the personal property of the Humane Association at the time of the procedure and was in the process of being adopted by B.J.R. Approximately three months later, B.J.R. returned Piper to the Humane Association. Perelman then adopted Piper on February 14, 2020.

{¶19} When Piper began exhibiting symptoms of being in heat, Perelman sought assistance from Dr. Goodman. The record reflects that Perelman incurred substantial medical bills to treat Piper's condition. We agree with Perelman that there is a dispute in the record concerning which veterinarian performed the operation and whether or not the original spay procedure was performed correctly. However, we find those disputed facts are not material to the outcome of this case.

{¶20} As the Supreme Court of Ohio has stated, "a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 645 (1992). In this case, Piper was the personal property of the Humane Association at the time of the original spay procedure. The record also reflects that the contractual obligation to perform the original spay procedure was between the Humane Association and Lebanon Animal Hospital. Though Perelman adopted Piper months later, she fails to present any evidence that she had a relationship with the defendants that establish any duty was owed to her.[3] Since there was no relationship between Perelman and the defendants, Perelman cannot show the existence of a duty. As noted above, the existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. *Uhl*, 2009-

---

3. To that end, we recognize that animals can and do suffer pain and distress. However, a dog cannot recover for emotional distress, or indeed any other direct relief. *Oberschlake*, 2003-Ohio-917 at ¶ 18. We further note that Perelman's opening brief did not argue that she was a foreseeable plaintiff.

Ohio-196 at ¶ 10. *See, e.g, Kitchen v. Teeters*, 12th Dist. No. CA2011-06-048, 2012-Ohio-4343, ¶ 13 ("as there was no relationship between the appellants and the [defendants], no duty was owed in this situation").

{¶21} Based upon those undisputed facts, we agree with the trial court that summary judgment was appropriate in this case. In so doing, we note that Perelman failed to raise many legal arguments until her reply brief and has forfeited them on appeal. *Eckert v. Warren Cty. Rural Bd. of Zoning Appeals*, 12th Dist. Warren Nos. CA2017-06-095, CA2017-07-107, CA2017-07-108, CA2017-07-109, 2018-Ohio-4384, ¶ 56 (it is a well-established rule that an appellant may not raise new arguments or issues in his reply brief). For example, in her reply brief, Perelman argues that she was an intended third-party beneficiary of the contract between Lebanon Animal Hospital and the Humane Association. She also claims that she is the proper party to pursue this action, as she is a "foreseeably vested third-party."

{¶22} We are mindful that Perelman has represented herself throughout this process. However, pro se litigants are held to the same standard as litigants who are represented by counsel. *Holmes v. Cobblestone Grove*, 12th Dist. Butler No. CA2016-04-075, 2017-Ohio-55, ¶ 21. As a result, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that they remain subject to the same rules and procedures to which represented litigants are bound. *Sparks v. Sparks*, 12th Dist. Warren No. CA2015-10-095, 2016-Ohio-2896, ¶ 6. In other words, "[p]ro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21. Accordingly, although we are sympathetic to her situation, Perelman cannot establish an actionable claim for negligence on these facts nor can we entertain any new argument she raised in her reply brief. Therefore, we find the

trial court did not err in granting summary judgment in favor of the defendants.  Perelman's sole assignment of error is overruled.

{¶23}  Judgment affirmed.


PIPER, P.J., and BYRNE, J., concur.