[Cite as *State v. Snyder*, 2025-Ohio-216.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-04-023 |
| | : | O P I N I O N |
| - vs - | | 1/27/2025 |
| | : | |
| MARK SNYDER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY MUNICIPAL COURT
Case No. 24CRB000056


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Craig A. Newburger, for appellant.


**M. POWELL, J.**

{¶ 1}  Mark Snyder appeals his conviction in the Warren County Municipal Court for violation of a protection order.  For the reasons set out below, we affirm the judgment of trial court.

{¶ 2} Snyder and the victim were in a five-year relationship before they broke up. On October 30, 2023, the victim obtained a protection order against Snyder. The order prohibited Snyder from, among other things, initiating or having any contact with the victim. Snyder was verbally advised of and served with a copy of the order by law enforcement in November of 2023. However, on January 25, 2024, the victim received a text message from Snyder's phone number which stated, "I miss you."[1]

{¶ 3} After the victim reported the foregoing to law enforcement, Snyder was charged with violating the protection order. The criminal complaint stated that "on or about 01/25/2024" Snyder "violated [a] Warren County CPO . . . by sending a text message, 'I miss you' to ex-girlfriend, the victim, petitioner of the CPO." On February 12, 2024, a public defender was appointed to represent Snyder, and a trial was scheduled for March 5, 2024. On the day of trial, Snyder sought a continuance, and the trial was continued to April 2, 2024. A new attorney was later retained by Snyder on March 19, 2024 and substituted as Snyder's counsel of record.

{¶ 4} On the day of the rescheduled trial, Snyder's new attorney orally moved to again continue the trial, noting that while aware of the trial date when she substituted as counsel, discovery was received from the State only days prior. In addition, Snyder purportedly needed time to obtain cell phone records to support his claim that the victim had fabricated the text message the charges were based on. The trial court denied the motion for a continuance. However, Snyder had copies of his cell phone records used in a concurrent civil case between Snyder and the victim. These copies were not certified, appeared copied and pasted from another source, and contained handwritten notes.

---

1. Snyder argues in his second assignment of error that "the State failed to introduce any testimony regarding . . . any date being observable on the text" in the video presented at trial. However, the video, which was admitted into evidence, clearly shows that above the at issue text is a date of January 25, 2024 with a timestamp of 9:25 PM.

Nonetheless, the trial court accepted the copies and scratched out the notes before admitting them into evidence.

{¶ 5} At trial, the victim testified that Snyder sent her the text message. The victim had deleted Snyder's contact information from her phone, but Snyder admitted to using the phone number associated with the text. To show that the text message was not fabricated or altered, the State presented a video of the victim accessing her phone, the disputed text message, and the contact information associated with the message. The video was taken approximately one week before the trial and months after the message had been originally sent. Snyder argued this delay in recording the video demonstrated its unreliability. In addition to the victim's testimony, the investigating officer also testified to personally viewing the text message but acknowledged no phone records regarding the message were obtained.

{¶ 6} During his testimony, Snyder denied sending the text message and contended it was fabricated. In support of this contention, Snyder argued, in summary: (1) his cell phone records showed no text messages from his phone to the victim on the date in question; (2) the victim's video showed Snyder's phone number was associated with an Apple iCloud account / email (bearing similarities to Snyder's name) that he did not use; (3) there were two iPhones on his AT&T account—his Apple iPhone as well as a second iPhone—and the second iPhone was in possession of the victim and her son on the date of the text message was sent to the victim; (4) the second phone could have had access to his Apple iCloud account and sent the text message (the victim testified she did not recognize a photo of the second phone that was presented at trial); and (5) the victim fabricated the message in retaliation of his filing a civil suit against her.

{¶ 7} After the bench trial, the court found Snyder guilty of violating the protection order and sentenced him in accordance with law. Snyder now appeals.

**{¶ 8}** FIRST ASSIGNMENT OF ERROR. THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT DENIED HIS MOTION TO CONTINUE THE TRIAL IN ORDER TO ACQUIRE EXCULPATORY EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED ST ATES CONSTITUTION.

**{¶ 9}** First, Snyder argues on appeal that the trial court abused its discretion in refusing to continue the April 2, 2024 bench trial to afford him time to obtain his cell phone records and support his claim that he did not send the offending text message. We review a trial court's decision to grant or deny a continuance for an abuse of discretion. *Ostigny v. Brubaker*, 2024-Ohio-384, ¶ 20 (12th Dist.). An abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶ 10}** The trial court did not abuse its discretion in denying the request for a continuance. Snyder and his attorneys were well aware that the sole basis of the complaint was the January 25, 2024 text message. While the State provided Snyder's retained counsel with discovery mere days before trial, counsel was aware of the trial date upon entering the case, and nothing in the record indicates the discovery was voluminous or complex. In addition, the trial date had already been continued at Snyder's request (also on the day trial was set to occur). Ultimately, Snyder's retained counsel had enough time to get up to speed on the nature of the case, and Snyder had more than enough time to get his phone records in any format he desired. Even if we were inclined to conclude the trial court abused its discretion, we fail to see any prejudice to Snyder because he was still able to present copies of the records or information he compiled at trial (regardless of their condition or trustworthiness). Snyder does not speak to this on appeal.

**{¶ 11}** We overrule this assignment of error.

{¶ 12} SECOND ASSIGNMENT OF ERROR. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND/OR GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN DEFENDANT'S CONVICTIONS.

{¶ 13} Next, Snyder argues his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence because (1) the video of the at issue text message was unreliable, (2) law enforcement "took the text at face value as presented . . . by the [State's] victim" and did not investigate the matter outside of speaking with the victim and looking at the text message, and (3) the victim fabricated the message because Snyder filed a civil suit against her.

{¶ 14} "When reviewing the sufficiency of the evidence underlying a conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Madden*, 2024-Ohio-2851, ¶ 31 (12th Dist.), citing *State v. Paul*, 2012-Ohio-3205, ¶ 9 (12th Dist.). Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 15} In turn, "[a] manifest weight of the evidence challenge examines the 'inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *Madden* at ¶ 32, quoting *State v. Barnett*, 2012-Ohio-2372, ¶ 14 (12th Dist.). Stated differently, the question is "whether the state has met its burden of persuasion." *City of Cleveland v. Turner*, 2019-Ohio-3378, ¶ 42 (8th Dist.). To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving

the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. *State v. Graham*, 2009-Ohio-2814, ¶ 66 (12th Dist.).

{¶ 16} In reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and determine the weight to be given to the evidence. *State v. Blankenburg*, 2012-Ohio-1289, ¶ 14 (12th Dist.). An appellate court will overturn a conviction due to the manifest weight of the evidence only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Zitney*, 2021-Ohio-466, ¶ 15 (12th Dist.). "A determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Smith*, 2022-Ohio-1984, ¶ 58 (12th Dist.), citing *State v. Reeder*, 2021-Ohio-2988, ¶ 31 (12th Dist.).

{¶ 17} Here, the crux of this case was simple—did Snyder send a text message stating "I miss you" to the victim on January 25, 2024 in contravention of a court order? Each side presented testimony and a smattering of extrinsic evidence that conflicted on this issue. The testimony of the victim, the investigating officer, and the video taken of the victim accessing the text message on her phone were sufficient to conclude that the victim received a text message from Snyder on January 25, 2023. Further, we see no issue with the trial court not believing Snyder's testimony or with not giving more weight to his phone records. While each side may have been able to do *more* to flesh out and document their respective positions, Snyder's "conviction is not against the manifest weight of the evidence simply because the trier of fact believed the testimony and evidence presented by the [S]tate." *State v. Nelson*, 2024-Ohio-5750, ¶ 23 (12th Dist.), citing *State v. Lunsford*, 2011-Ohio-6529, ¶ 17 (12th Dist.).

{¶ 18} This assignment of error is also overruled.

**{¶ 19}** Judgment affirmed.

BYRNE, P.J., and PIPER, J., concur.